—— o ◆ o ——

MARSHALL *et al. v.* MARSHALL.

In proceedings in chancery against non-residents, a brief statement of the object and prayer of the petition must be published for six weeks successively, in some newspaper printed in the county where the petition or bill is filed, &c.

The publication is, in contemplation of law, a service of process upon the defendants, and unless made as required by statute, no service is obtained, and the proceedings of the court are *coram non judice*, and void.

*Error to Van Buren District Court.*

*Opinion by* KINNEY, J. This was a proceeding under the statute, by the defendant in error, for partition against the plaintiff and others, and minor heirs, who were non-residents.

Publication was ordered by the court, as against the non-residents. A guardian *ad litem* was appointed for the infant heirs, and the case having been heard, and it

ᴈ0

appearing to the court that publication had been made according to law, it was ordered that partition be made of the premises, which was done by the commissioners appointed for that purpose, and their proceedings duly confirmed.

The case is brought to this court upon writ of error, and a reversal of the order of partition is asked, upon the ground that the publication was not according to law.

By the first section of an act relating to petitions and proceedings in chancery, Iowa Laws 1844, p. 49, it is provided, that in proceedings against non-residents, a brief statement of the object and prayer of the petition shall be published for six weeks successively, in some newspaper printed in the county where the petition or bill is filed, &c. By an inspection of the record in this case, the publication as sworn to by the publisher, only appears to have been continued for four weeks, and this is the error complained of by the plaintiff. This error is a fatal one, and the decree of the court must be reversed. If two weeks of the publication less than required by law could be dispensed with, the entire publication could upon the same principle be avoided; and therefore the non-resident defendants be proceeded against, their interests affected, and their rights concluded, without ever having had a day in court.

This publication is in contemplation of law a service of process upon the defendants, and unless made as required by the statute, no service is obtained, and the proceedings of the court under it as regards them, are *coram non judice*, and void.

But it is urged here by counsel, that the plaintiff in error was served with personal service, and cannot complain of the irregularity of the proceedings; that they are only void as against the non-resident defendants, if void at all. This position is incorrect and unsound. It appears from the report of the commissioners of partition, that a portion of the land was allotted to James Marshall the plaintiff in error, and as this is the foundation of his title, it

becomes a matter of vital importance to him, that the proceedings in partition from which he derives his title should have been according to law. The plaintiff is not excluded from raising the objection presented in the assignment of errors.

Judgment reversed.

*J. H. Cowles*, for plaintiffs in error.

*Wright & Knapp*, for defendant.